UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ZACK ELLIS, GERONIMO PEREZ, ARTURO SALINAS, JARROD M. DANIEL, and KERRY TAWATER, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TRI-STATE OIL FIELD SERVICES, Inc., a Texas Corporation, RICARDO "RICKY" CANTU, an individual, RICKY'S TOWING OF AMARILLO, LLC, a Texas limited liability company, KATRINA KINCAID, an individual, and CANTU TOWING, LLC, a Texas limited liability company,<br><br>Defendants. | CASE NO. _____<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

### INTRODUCTION

1. This is a representative action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 216(b), and a claim(s) for retaliation.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq, 28 U.S.C. § 1331 and 1337, diversity jurisdiction and the doctrine of pendant jurisdiction.

### PARTIES

3. Plaintiff Zack Ellis, is a resident of Amarillo, Texas. Geronimo Perez is a resident of Westin, Colorado, but was employed by the defendants in and around Amarillo, Texas. Plaintiff Arturo Salinas is a resident of Hereford, Texas, Jerrod M. Daniel is a resident of

Hereford, Texas, and Kerry Tawater is a resident of Amarillo, Texas. All of the Plaintiffs, at times material, worked for Tri-State Oil Field Services, Inc., ("Tri-State"), at its facility in Amarillo, Potter County, Texas and in the oil field at various work locations to which they were dispatched by defendants. Ricky's Towing, LLC, and Cantu Towing, LLC, are sister companies with Tri-State and the two towing companies are conducted by Ricky Cantu and Katrina Kincaid, as a joint enterprise or operation with Tri-State. The plaintiffs bring this action on behalf of themselves and as representative of similarly situated workers who file consents to join in this action.

4. Defendant Tri-State Oil Field, Inc., a Texas corporation, may be served by serving its registered agent, Ricardo "Ricky" Cantu, 222 Northwest Dr., Hereford, Texas 79045-4126, and is engaged in the oil field service business which necessarily includes the trucking business or services for commerce in the State of Texas. Ricardo "Ricky" Cantu is an individual and he may be served at his Amarillo office at 3710 Tradewind St., Amarillo, Texas, and as agent for service of Ricky's Towing of Amarillo, LLC (Ricky's Towing), which maintains its principal place of business at 302 S. Williams, Amarillo, Texas 79102. Katrina Kincaid may be served at her office at 302 S. Williams, Amarillo, Texas, 79102, and Cantu Towing, LLC, may be served by serving it's registered agent for service Ricardo "Ricky" Cantu at its principal place of business located at 305 S. Williams, Amarillo, Texas 79105. Ricardo "Ricky" Cantu and Katrina Kincaid are jointly and severally liable for the acts of Tri-State, Ricky's Towing and Cantu Towing because they control all of the said entities and make the day to day decisions about employees payroll matters and rates of pay.

## FACTS

5. Plaintiffs were employed by the Defendant Tri-State at its facility in Amarillo, Texas, from early 2014, and in some instance before that time until on or about February 2015. Ricky Cantu and Katrina Kincaid are the individuals who control Tri-State, Ricky's Towing and Cantu's Towing, and who control the day to day operations and make decisions about payroll matters and rates of pay concerning the employees of Tri-State, Ricky's Towing and Cantu's Towing. Also, Ricky Cantu and Katrina Kincaid have altered the workers time sheets by taking paid time away from the workers, both regular time hours and overtime hours. Tri-State, Ricky's Towing and Cantu's Towing are operated as a joint enterprise by Cantu and Kincaid who direct employees of Tri-State to perform work for Tri-State, Ricky's Towing and Cantu's Towing, and vice versa. Cantu and Kincaid have refused to pay their employees their proper hourly rate, the proper amount of hours worked, the proper amount of overtime and they have mis-classified certain employees by paying them as contract labor. Cantu and Kincaid have also transferred the ownership or use of vehicles and equipment of Ricky's Towing and Cantu's Towing and Tri-State between the entities when needed.

6. Tri-State, Ricky's Towing and Cantu's Towing, by and through Cantu and Kincaid, as well as its officers, agents, employees and representatives have combined, conspired and acted through a concert of action to avoid paying regular time and overtime to its hourly employees. Defendants retaliated against and punished those employees who complained about such treatment. It is believed the plaintiffs, as well as others, including but not limited to the other non-exempt hourly workers, in the course of their employment with Tri-State, Ricky's Towing and Cantu's Towing, and during existence of this continuing conspiracy, participated in the combination, concert of action and conspiracy, whichever, hereinafter alleged and are co-

conspirators to avoid compliance with the FLSA for which the defendants are jointly and severally liable..

7. Despite their knowledge that time spent working off the clock was and is compensable, the defendants improperly and erroneously classified some employees as independent contractors to avoid paying overtime and did not withhold taxes from their pay.

8. During the time of Plaintiffs' employment, Defendant, Tri-State, Ricky's Towing, and Cantu's Towing and Ricky Cantu and Katrina Kincaid failed to pay Plaintiffs, and others similarly situated, their correct amount of pay at the regular rate and for all their overtime for hours of work they performed in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA"). Ricardo "Ricky" Cantu and it is believed Katrina Kincaid regularly tell the employees that Tri-State, Ricky's Towing and Cantu's Towing does not pay overtime and state that they don't have to pay overtime. Ricky Cantu and Katrina Kincaid also treat Tri-State, Ricky's Towing and Cantu's Towing as a single entity and/or as a joint enterprise. They direct Tri-State's employees to go on Ricky's Towing and/or Cantu's Towing's wreckers and to perform work for Ricky's Towing and/or Cantu's Towing. The defendants fail to pay their their proper wages and/or unlawfully alter their time records downward, deduct from their pay or doesn't pay them at all for time worked.

9. The failure to pay plaintiffs and others similarly situated employees their lawful regular time for a full workweek and their overtime wages under the Fair Labor Standards Act including paying all overtime hours was and is exacerbated by the practice of Ricky Cantu and Katrina Kincaid acting in concert regularly to alter the employees time cards downward by reducing the number of hours reflected that they actually worked during each pay period

unlawfully, and by making deductions from their pay for changing flats or damage claims to equipment that they charge back to the workers.

10. Similarly situated individuals working in the production of goods or services for commerce at the Defendants' facilities in Amarillo, Texas, and on the surrounding job sites to which they were directed by defendants to perform work in the oilfields or in working wrecks for Ricky's Towing and/or Cantu's Towing and who were deprived of their lawful regular and overtime wages under the Fair Labor Standards Act in the same manner as Plaintiffs. This action is brought on behalf of those similarly situated workers.

11. The Defendants' failure to pay Plaintiffs and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful. Despite their knowledge that time spent performing their daily activities for the benefit of Tri-State, Ricky's Towing and Cantu's Towing, particularly those hours spent working over forty (40) hours per week, constituted work and is compensable time that Defendants failed and refused to pay overtime. The Defendants acting in concert with their employees at Tri-State, Ricky's Towing of Amarillo, LLC and Cantu's Towing, LLC, have threatened to fire and have fired employees in retaliation whenever an employee complained of the non-payment of proper overtime, non-payment of hours worked or unauthorized deductions from their paychecks made by Ricky Cantu and/or Katrina Kincaid. The foregoing activities performed by the workers are compensable time under the FLSA. Defendants took no steps to compensate workers at each and all of its facilities or job sites for towing or oil field services, in the State of Texas for this time and, on information and belief, took no steps to compensate workers at its facilities for this time in violation of the law. Furthermore, Defendants failed and refused to pay Plaintiffs for drive time to and from the job site when going to the job site, or returning to the employers' shop at the end of the day and/or for

Tri-State employees working wrecks for Ricky's Towing and/or Cantu's Towing. Defendants also failed and refused to pay the employees for downtime after the beginning or start of paid time when the company trucks or company equipment broke down, had flats, the brakes on vehicles failed, etc., and the drivers were required to wait and the defendants employed an artificial reduced rate of pay called "shop time" for other duties performed by the workers to avoid paying the employees their proper rate of pay in violations of the FLSA. All this driving time and wait time constitutes overtime.

### REPRESENTATIVE ACTION

12.  Plaintiffs bring this action on behalf of themselves and all similarly situated employees of Tri-State, Ricky's Towing, and/or Cantu Towing controlled by Ricky Cantu and Katrina Kincaid, as individuals and the officers, agents and representatives thereof. Plaintiffs request that notice be issued to those employees informing them of their right to file consents to join in this action.

### CAUSES OF ACTION

### COUNT I
### FLSA

Zack Ellis, Geronimo Perez, Arturo Salinas, Kerry Tawater and Jerrod Daniel, for their Count I of this Complaint, inclusive of the foregoing, allege and state:

13.  Plaintiffs and similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act for back wages, overtime, damages, reasonable attorneys fees and costs.

### COUNT II
### Tort of Retaliation for Complaining About
### Overtime and Working Conditions

In addition to the foregoing and as Count II of this Complaint, Plaintiffs reallege herein as though repeated in full each allegation contained in paragraphs 1 through 13, inclusive and, further, Plaintiff alleges and states:

14. This Court has jurisdiction of Count II under Section 215(a)(3) of Title 29 U.S.C. and Section 1332 U.S.C. (28 U.S.C.A., Section 1332) and the principles of pendant jurisdiction. The matter in controversy exceed the sum of $75,000.00, it is believed, exclusive of interest and cost.

15. In 2014 and before Tri-State, Ricky's Towing and/or Cantu's Towing fired at least one or more workers for complaining about working conditions and the companys' refusal to pay regular rates of pay for all hours worked including overtime and they have retaliated against others for doing the same.

16. Tri-State, Ricky's Towing and Cantu's Towing at the direction of Ricardo "Ricky" Cantu and Katrina Kincaid and acting through its/their management regularly discriminate against employees by placing them in unfavorable positions at work as a means of punishment for complaining about unpaid overtime, docks their pay unlawfully and for complaining about having their paycheck reduced by Cantu and/or Kincaid for company repairs or expenses, among other working condition complaints. The defendants terminate or treat employees in an outrageous manner to quell complaints about unpaid time and overtime, working conditions and regularly terminate the workers employment when they have complained about their pay and working conditions. These requirements reduce their effective rate of pay when the company deducts the cost of company required or damaged equipment or repairs and the corresponding downward adjustment by the defendants of the workers pay and by utilizing an unlawful and fabricated rate of pay (during paid time) denominated as "shop time" which

results in unlawful deductions from paid time taken from the workers' paychecks unilaterally by the defendants. This behavior by the Defendants constitutes outrageous conduct and violates the FLSA.

17. Plaintiffs have been damaged as a result, both actual and punitive damages, reasonable attorney fees and cost for which they herein sues.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

a. Issue notice to all similarly situated employees of Tri-State, Ricky's Towing and Cantu's Towing informing them of their right to file consents to join in this action;

b. Declare that Plaintiffs and similarly situated workers who file consents to join this suit are entitled to pay for all of their FLSA-defined hours of work, including all hours worked over 40 hours in one week, including driving to and from the job site in a company vehicle and back to the company's yard and for waiting when trucks and/or company equipment break down or for refusing to pay for all hours worked and for downward alterations to their paychecks by Cantu and Kincaid;

c. Awarding Plaintiff and similarly situated workers who file consents to join in this suit, their unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week, an equal amount of liquidated damages, attorneys fees and costs of suit and such other relief as this Court deems just and proper against all the defendants jointly and severally;

d. Award Plaintiffs and similarly situated workers who file consents damages and costs for retaliation and outrageous conduct;

e. Damages and attorney fees for causes under pendant jurisdiction as pled; and

f. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
1200 S. Western, Suite 1000
Amarillo, Texas 79109
806-371-9110 - Telephone
806-373-9029 - Facsimile

- and -

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

BY: _/s/ Philip R. Russ_
Philip R. Russ Bar No. 17406000

## JURY DEMAND

Plaintiffs herewith demands a trial by jury.

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Zack Ellis, Geronimo Perez, Arturo Salinas, Jarrod M. Daniel and Kerry Tawater, individuals

**(b)** County of Residence of First Listed Plaintiff: **Potter**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip R. Russ 2700 S. Western, Suite 1200, Amarillo TX 79109, 806-358-9293; Jerry D. McLaughlin, 2700 S. Western, Suite 1000, Amarillo, Texas 79101, 806-371-9110

## DEFENDANTS
Tri-State Oil Field Services, Inc., a Texas Corporation, Ricardo "Ricky" Cantu, an individual, Ricky's Amarillo Towing, LLC, a Texas limited liability company.

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA, 29 U.S.C. Section 216(b)
Brief description of cause:
unpaid overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 2/17/15
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____