UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ZACK ELLIS, GERONIMO PEREZ, ARTURO SALINAS, JARROD M. DANIEL, and KERRY TAWATER, individuals, § § § § § § | | |
| Plaintiffs, § | | |
| vs. § | | CASE NO. 2:15-CV-00058-J |
| § | | |
| TRI-STATE OIL FIELD SERVICES, Inc., a Texas Corporation, RICARDO "RICKY" CANTU, an individual, RICKY'S TOWING OF AMARILLO, LLC, a Texas limited liability company, KATRINA KINCAID, an individual, and CANTU TOWING, LLC, a Texas limited liability company, § § § § § § § § § § | | |
| Defendants. § | | JURY TRIAL DEMANDED |

### AGREED MOTION FOR ORDER AUTHORIZING NOTICE TO POTENTIAL PLAINTIFFS AS TO TRI-STATE OIL FIELD SERVICES, INC., AND OPPOSED AS TO THE REMAINING DEFENDANTS SIMILARLY SITUATED PURSUANT TO 29 U.S.C. § 216(b)

COME NOW ZACK ELLIS, GERONIMO PEREZ, ARTURO SALINAS, JARROD M. DANIEL, and KERRY TAWATER, Plaintiffs in the above entitled and numbered causes of action, and move this Court to Order the Defendants TRI-STATE OIL FIELD SERVICES, Inc., ("Tri-State"), RICKY'S TOWING, LLC ("RT"), CANTU TOWING, LLC ("CT"), RICKY CANTU ("Cantu") and KATRINA KINCAID ("Kincaid"), individuals, Defendants, to produce the names, addresses and/or last known addresses, telephone numbers and social security numbers of all employees at all of the Defendants' facilities from the time period of February 17,

2012, to the date of the Order and for an Order authorizing the form and content of a "Notice and Consent-To-Join Suit" forms to be sent to employees who have not joined the instant action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), that this motion is agreed as to Tri-State Oil Field Services, Inc., and Opposed as to the Remaining Defendants, and would show this Court the following:

## I.

1.01   Plaintiffs filed the instant action on the 17th day of February, 2015, by filing a "Complaint-Representative Action." One other plaintiff, Don Brown, has "opted in" to this representative action. Plaintiffs bring this action on behalf of themselves and all other similarly situated non-exempt hourly employees of the Defendants. Plaintiffs requested in the Complaint that notice be issued to these employees informing them of their right to file consents to join in this action of whom it is believed that there are 20 to 30 employees at any one time similarly situated and likely less than 50 in the total class, it is believed.

1.02   During the time of Plaintiffs employment Defendants, Tri-State Oil Field Services, Inc., ("Tri-State"), Ricky's Towing, LLC, and Cantu Towing, LLC, Ricky Cantu and Katrina Kincaid, failed to pay Plaintiffs and others similarly situated, all actual hours worked and all actual overtime for hours of work that they performed in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA"), nor did they pay for all hours worked at any rate. Cantu regularly tells the employees that defendants do not pay overtime because of he doesn't have to do so. Katrina Kincaid regularly tells employees she is in charge of handling in excess of six (6) million dollars and reduces employees hours reported unilaterally to reduce their pay. The employees of the defendants regularly work more than forty (40) hours per week and

regularly work at least nine (9) hours per day, including one hour to service the equipment, at least six (6) to seven (7) days per week.  Plaintiffs herein regularly worked 70 to 80 hours per week and they were never paid all their hours worked nor were they paid overtime for any hours worked over forty (40) worked in one week.  Defendants have failed and refused to pay the proper minimum wage rate the defendants unlawfully charge differing rates of pay during the work day for no lawful reason, and have failed and refused to pay time and one half for overtime, at least until recently.  Defendants regularly and unilaterally reduced the number of hours worked as reflected on the employees time sheets, employed a phantom rate called "shop time" and charged back expenses to the employees to reduce their pay for expenses and charges that are company expenses.

## II.

2.01   Plaintiffs move the Court to compel Defendants to produce a list of names and addresses and/or last known addresses, telephone numbers and the social security numbers of the affected employees in question at all entities.  Plaintiffs further move the Court to order that a "Notice to Potential Plaintiffs Similarly Situated" be sent to all potential plaintiffs in a form approved by the Court.  A suggested form is attached as Exhibit "B" or another form substantially similar along with the proposed "Consent Form."

2.02   Plaintiffs would show this Court that since 29 U.S.C. § 216(b) is an "opt in" type representative action that unless notified, other Plaintiffs would not be aware of valuable rights that may be forever lost.

2.03   In support of this motion, Plaintiffs refers the Court to:

   1.   Original Complaint in this action attached in the Appendix as Exhibit "A";

2. Notice of Fair Labor Standards Act Lawsuit and Consent Form attached in the Appendix as Exhibit "B";

3. Declaration of Zack Ellis attached in the Appendix as Exhibit "C" (is currently being signed, will supplement;

4. Declaration of Geronimo Perez attached in the Appendix as Exhibit "D"(is currently being signed, will supplement;

5. Declaration of Arturo Salinas, attached in the Appendix as Exhibit "E";

6. Declaration of Jarrod M. Daniel, attached in the Appendix as Exhibit "F";

7. Declaration of Kerry Tawater, attached in the Appendix as Exhibit "G" (is currently being signed, will supplement;

8. Declaration of Don Brown, attached in the Appendix as Exhibit "H"

8. Order Authorizing FLSA Notice issued in *Valverde v. Monfort*, (N.D. Tex. August 8, 2000) attached in the Appendix as Exhibit "I";

9. Notice and Order Authorizing FLSA Notice issued in *Anderson, et al. v. Pilgrim's Pride Corporation*, (E.D. Tex. June 29, 1998) attached in the Appendix as Exhibit "J";

10. Revised Notice and Amended Order Authorizing FLSA Notice issued in *Baldridge, et al. v. SBC Communications, Inc., et al*, (N.D. Tex. October 15, 2004) attached in the Appendix as Exhibit "K";

11. Recent Supreme Court case of *Alvarez v. IBP*, 546 U.S. 21 (2005) attached in the Appendix as Exhibit "L";

12. Published decision in *Belcher v. Shoney's, Inc.,* 30 F. Supp.2d 1010 (M.D. Tenn. 1998)*,* a FLSA action successfully prosecuted against Shoney's, Inc., involving the same type of work time at issue in this case (work done outside of the "scheduled shift and misclassification of several managers and assistant managers at employee's restaurants) see copy attached in the Appendix as Exhibit "M";

13. *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721 (5th Cir. 1961). See attached copy in the Appendix as Exhibit "N";

   i) Activities of truck drivers (servicing truck, waiting in line, cleaning and refueling of trucks) were an integral part of the job and so

        indispensable to main job of truck drivers . . . as to be outside Portal-to-Portal Act.

    ii)    Employer which failed to keep required records was in no position to complain of uncertainty of evidence on which it was sought to base claims against it under FLSA.

    iii)    Estimates and opinions of amount owed are permissible. Only necessary employees prove the preformed work for which they were improperly compensated and adduce sufficient evidence to show amount and effort of that work as a matter of just and reasonable inference, and burden shifts to employer to come forward with evidence as to precise amount of work performed or with evidence as to reasonableness of inference to be drawn from evidence adduced on behalf of employees, and if employer fails to produce such evidence, court can then award damages, even though results are only approximate.

14.    Order authorizing notice in MDL FLSA case styled *Antee v. Pilgrim's Pride Chicken*, Cause No. 1:07-CV-1832; U.S.D.C., W.D. of Arkansas, signed by Judge Harry Barnes on the 13th day of March, 2008, Exhibit "O" hereto.

15.    Order Authorizing notice in Cause No. 2:09-CV-083-J FLSA case Styled *Cassie Pointer, et al v. Verla Varnell Barrett d/b/a Big V Construction*, U.S. D.C. of Texas, Amarillo Division, signed by the Honorable Mary Lou Robinson on the 17th day of July, 2009, Exhibit "P".

16.    Order Authorizing notice in Cause No. 2:14-cv-178, FLSA case styled Rodea, et al, v. Acropolis, U.S.D.C., N.D. of Texas, Amarillo Division, Exhibit "Q".

All exhibits adopted herein by reference in a separate exhibit volume and are true copies of the originals thereof.

    2.04    As grounds for this motion, Plaintiffs refer the Court to their brief in support and appendix thereto filed herein.

2.05   The undersigned has conferred with counsel for Defendants who indicated that the Defendants agree to this Motion insofar as it relates to Tri-State and Defendants are opposed to this motion as to the remaining defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs move this Court to compel Defendants to produce a list of all potential plaintiffs as all entities along with their addresses, last known addresses, social security numbers and further to order that Notice of this suit along with the party's right to "opt-in" the representative class be sent to all and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
2700 S. Western, Suite 1000
Amarillo, Texas 79109
806-371-9110 - Telephone
806-373-9029 - Facsimile

- and -

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

By: */s/ Philip R. Russ*
Philip R. Russ, SBN 17406000

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I certify that on the 17th day of March, 2015, Philip R. Russ attorney for Plaintiffs, contacted Darrell Carey, Esq., at the Law Officers of Darrell Carey, counsel for Defendants, and Defendants agree to this Motion insofar as it relates to Tri-State and Defendants oppose this motion as it relates to the remaining defendants.

          */s/ Philip R. Russ*
          Philip R. Russ

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2015, I electronically filed the foregoing "Motion for Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. § 216(b)" with the Clerk of the Court for the Northern District of Texas, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

> Darrell R. Carey
> Law Office of Darrell R. Carey
> 300 15th Street
> Canyon, Texas 79015
> Tel. 806-655-4529
> Fax 806-355-7250
> lawofficeofdarrellcarey@gmail.com

      BY: */s/ Philip R. Russ*
          Philip R. Russ