UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ZACK ELLIS, GERONIMO PEREZ, ARTURO SALINAS, JARROD M. DANIEL, and KERRY TAWATER, individuals, § § § § | | |
| Plaintiffs, § | | |
| vs. § | CASE NO. 2:15-CV-00058-J | |
| TRI-STATE OIL FIELD SERVICES, Inc., a Texas Corporation, RICARDO "RICKY" CANTU, an individual, RICKY'S TOWING OF AMARILLO, LLC, a Texas limited liability company, KATRINA KINCAID, an individual, and CANTU TOWING, LLC, a Texas limited liability company, § | | |
| Defendants. § | JURY TRIAL DEMANDED | |

**MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Zach Ellis, Geronimo Perez, Arturo Salinas, Jerrod M. Daniel, and Kerry Tawater, Plaintiffs in the above entitled and numbered cause, and files this their Motion to Compel Answers to Interrogatories and for Production of Documents, and in support thereof would show the Court the following:

**I.**

1.01   On March 18, 2015, Plaintiffs served on the defendants (1) Plaintiffs' First Set of Interrogatories to Defendants and, (2) Plaintiff's First Request for Production of Documents.

and for Production of Documents                                                                                          Page - 1 -

The defendants Ricky Cantu Towing and Katrina Kincaid answered "none" to every interrogatory served upon them on or around March 18, 2015, and objected to or answered "there are no documents responsive to this request" to the requests for production served upon them. The foregoing Interrogatories and Request to Produce were served on the defendants on or about March 19, 2015, see Exhibit "C" hereto.  Despite being served on that date the defendants Ricky's Towing, Katrina Kincaid and Cantu Towing list on their certificate of service that they forwarded their responses to plaintiffs on March 12, 2015, which is some seven (7) days before defendants were served which is an impossibility.  Furthermore, defendants responses came late and all objections are therefore waived, the defendants having failed to respond after thirty (30) days as specified by the Federal Rules.  The remaining certificates of service on the other response list May 1, 2015 as the date they were mailed to plaintiffs.

The answers to the interrogatories served on all defendants are further deficient in that they are unverified and as such constitute no answers at all.

Additional deficiencies include the following:

> Ricky Cantu and Tri-State's answers are deficient as to the response to: 4(g) wherein they state they are "unable to answer"; they simply answer "none" to no's 8, 11, 14, 15, and 18 (a)(b)(e-g) and the purported answer to #19 is not-responsive;

> Tri-State and Ricky Cantu's responses to Request to Produce No's 1-50 all state "none" which is deficient and they produced no documents to requests no's 1, 2, 4, 10, 17, 20, 26, 27, 31, 35, 40 and 42-50;

> Tri-State and Ricky Cantu's "object" to request to produce no's 6, 7, 11, 15, 16, 18, 19, 24, 25, 28, 29, 30, 32, 33 and 34 when all objections have been waived due to their untimely filing;

> Accordingly, defendants and each of them must be compelled to respond adequately.

**II.**

2.01   Plaintiffs' interrogatories and the Defendants' responses are attached as Exhibit "A".  Plaintiffs' request to produce and Defendants' responses are attached as Exhibit "B".

**III.**

3.01   Plaintiffs move this Court to compel the production of documents and to compel Defendants to properly answer interrogatories.  Plaintiffs move this Court to Order the production of documentation, accounting information, time records, KRONOS or other similar time capturing devices records, company policy statements regarding payroll, overtime and the retention and maintenance of time records on employees for Plaintiffs's expert to prepare, to come to a conclusion and give an expert opinion and to prepare a report and to explain the alterations and deduction made by the defendants to paid time.

3.02   Plaintiffs moves this Court to Order the production of Records Previously requested to extend discovery and for such other relief as may be just and proper.

3.03   Plaintiffs move the Court to Order responses to pay-roll policies and adjustments made by the defendants to plaintiffs and others pay checks in calculating their pay.  Defendants response that the "employees keep their own time" does not address downward deductions from pay made by the defendants.

3.04   Plaintiffs move the Court to award them attorneys fees and costs attached as Exhibit "D".

Respectfully submitted,

LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
1200 S. Western, Suite 1000
Amarillo, Texas 79109
806-371-9110 - Telephone
806-373-9029 - Facsimile

- and -

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

By: */s/ Philip R. Russ*
Philip R. Russ Bar No. 17406000

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

I certify that on the 9th day of June, 2015, Philip R. Russ attorney for Plaintiffs, attempted to contact Darrell Carey, Esq., at the Law Officers of Darrell Carey, counsel for Defendants, Darrell Carey was out of the office and I left word for him to call back. I have not been able to reach him.

*/s/ Philip R. Russ*
Philip R. Russ

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Texas, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

Darrell R. Carey  
Law Office of Darrell R. Carey  
300 15th Street  
Canyon, Texas 79015  
Tel. 806-655-4529  
Fax 806-355-7250  
lawofficeofdarrellcarey@gmail.com

                                                  BY: */s/ Philip R. Russ*  
                                                            Philip R. Russ